## Political Activities of Employment Service Employes

RENO, Attorney General, October 4, 1939.—This department is in receipt of your communication of September 20, 1939, in which you ask to be advised concerning the effect of the Act of Congress, approved August 2, 1939, commonly known as the "Hatch Law", on employes of the Pennsylvania State Employment Service of the Department of Labor and Industry. Specifically, you ask to be advised:

1. Whether the Hatch Act affects Pennsylvania Employment Service employes as such, who are at present holding, in addition to their employment, elected or appointed positions, such as secretary to a borough council.

2. Whether the State Employment Service employes or other State employes as such are affected by the provisions of this act.

The Hatch Act provides as follows:

Section 1 prohibits *any person* intimidating, threatening or coercing others for the purpose of interfering with the right of such other persons to vote or to vote as they choose, or causing such other persons to vote for or not to vote for Federal offices of President, Vice President, presidential elector, Senator, Congressman, delegates or commissioners from the Territories and insular possessions.

Section 2 prohibits *any person employed* in any administrative position by the United States to use his official authority for the purpose of interfering with or affecting the election or the nomination of any candidate for the Federal offices enumerated in section 1.

Section 3 prohibits *any person*, directly or indirectly, to promise employment, work, compensation, or other benefit provided for or made possible in whole or in part by an act of Congress (which includes Works Progress Administration, public assistance, unemployment compensation service, etc.), as compensation or reward for political activity or for support or opposition to any candidate or any political party in any election.

Section 4 is the converse of section 3. It prohibits the deprivation of employment, work, compensation, or other benefit on account of race, creed, color, political activity, support of or opposition to any candidate or any political party in any election.

Section 5 prohibits *any person* from soliciting or receiving any assessment, subscription, or contribution for any political purpose from any person entitled to or receiving compensation, employment, or other benefit from work relief or relief.

Section 6 prohibits *any person* for political purposes to disclose or furnish a list of persons receiving compensation, employment, or benefits under W. P. A. or public

assistance to a political candidate, committee, or campaign manager, and prohibits the latter from receiving such lists for political purposes.

Section 7 prohibits the use of W. P. A., public assistance, Federal loans, and public works projects funds for the purpose of interfering with, restraining or coercing any individual in the exercise of his right to vote at any election, and prohibits the use of any authority conferred by any such act for said purpose.

Section 8 provides a penalty of $1,000 fine or imprisonment of not more than one year, or both, for conviction of violations of the provisions of sections 1 to 7 inclusive.

Section 9 makes it unlawful for *any person employed* in the executive branch of the Federal Government, or any agency or department thereof, to use his official authority or influence for the purpose of interfering with an election or affecting the result thereof. No officer or employe in the executive branch of the Federal Government, or any agency or department thereof, shall take any active part in political management or in political campaigns. They shall retain the right to vote and express their opinions on all political subjects. The term officer and employe is not to be construed to include:

1. The President and Vice President of the United States.

2. Persons whose compensation is paid from the appropriation for the office of the President.

3. Heads and assistant heads of executive departments.

4. Officers who are appointed by the President by and with the advice and consent of the Senate, and who determine policies to be pursued by the United States in its relations with foreign powers or in the Nation-wide administration of Federal laws.

The penalty for violating this section is immediate removal from the position or office.

Section 9A makes it unlawful for any person employed in any capacity by any agency of the Federal Gov-

ernment, whose compensation in whole or in part is paid from funds authorized or appropriated by any act of Congress, to have membership in any political party or organization advocating the overthrow of the constitutional form of government in the United States.

The penalty for violation of this section is immediate removal from the position or office held by the party involved.

It is readily seen that the act is primarily directed against macing. Insofar as the law refers to employes, it refers *only* to Federal employes except in section 9A(1) where we find the following provision:

"It shall be unlawful for any person employed in any capacity by any agency of the Federal Government, whose compensation, or any part thereof, is paid from funds authorized or appropriated by any Act of Congress, to have membership in any political party or organization which advocates the overthrow of our constitutional form of government in the United States."

As stated above, the penalty for violating this prohibition is removal from the position or office held, and no part of the Federal appropriation is to be used to pay compensation.

Though at first glance the provisions of section 9A(1) might seem to apply to employes of the Pennsylvania Employment Service, after a careful scrutiny of the acts creating the Employment Service and the administration thereof, it is readily seen that this service is not an "agency" of the Federal Government.

Under the Act of December 27, 1933, P. L. 110, the provisions of the Act of June 6, 1933, 48 Stat. at L. 113 (United States Employment Service Act), were accepted by the Commonwealth of Pennsylvania. By virtue of that act, the Department of Labor and Industry was designated as the State agency to coöperate with the United States Employment Service, and under that act the Commonwealth receives funds for the maintenance and administration of its employment offices. Under

titles III and IX of the Social Security Act of August 14, 1935, 49 Stat. at L. 620, grants are also made to the State for the administration of unemployment compensation and the employment service. To be eligible for the Federal grant the employment service offices must be conducted in accordance with the rules, regulations and standards of efficiency prescribed by the Federal act.

The Pennsylvania State Employment Service, though designated to coöperate with the United States Employment Service, is a State agency and its employes are State employes but, because of the grant that is given it by the Federal Government, the Employment Service of the Department of Labor and Industry must adhere to the rules, regulations and standards imposed by the Federal Government. Though the employes of the Pennsylvania State Employment Service of the Department of Labor and Industry, designated as the State agency for coöperation with the United States Employment Service, are paid, in part at least, with Federal funds, the above-quoted section 9A(1) which prohibits membership in any political party or organization which advocates the overthrow of our constitutional form of government, or any other section of the Hatch Law, does not apply to such employes. There is no restriction in the Hatch Law regarding State Employment Service employes in other positions, elected or appointed. All provisions of the Hatch Law, insofar as they refer to employes, apply solely to Federal employes or to employes of agencies of the Federal Government.

Though the Hatch Act does not apply to the State Employment Service employes, it is interesting to note that Pennsylvania had previously adopted stringent legislation to prevent pernicious political activity generally and in many of its services, including those receiving Federal grants such as old-age assistance, aid to dependent children, unemployment compensation, and the employment service.

Employes in the Department of Public Assistance under section 2504-A(*i*) of the Act of June 24, 1937, P. L. 2003, and paragraph (*b*) of section 13 of the Public Assistance Law of June 24, 1937, P. L. 2051, as amended by the Act of June 26, 1939, P. L. 1091, are forbidden to engage in political activity as follows:

Section 2504-A of the Act of June 24, 1937, P. L. 2003, provides, inter alia:

"(i) Political Activity. An employe shall be removed if he shall during his employment—

"(1) Be a member of a political committee or an officer of a political organization;

"(2) Solicit, or receive a contribution for political purposes;

"(3) Injure or benefit an employe or one who applies for or receives assistance, or threaten or promise to do so because of making or withholding a contribution for political purposes, because of any past or future vote, or because of taking or refraining from taking any political action".

Section 13(*b*) of the 1939 act provides:

"(b) Any person in the employ of any county board who, either directly or indirectly, influences or endeavors to influence the vote of any person receiving or applying for any form of assistance or pension under the provisions of this act, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one hundred ($100) dollars, or to undergo imprisonment not exceeding six (6) months, or both, at the discretion of the court."

In addition, the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, in section 302(*c*), prohibits employes of the Liquor Control Board from engaging in political activities during the time of their employment as follows:

"C. The tenure of any person holding a position under the provisions of this act shall be during good behavior . . . but no person shall be required to contribute to any

political fund, nor support any political party or organization, nor shall any such person be removed or otherwise prejudiced for refusing to do so. No such person shall hold any other public office or position under this Commonwealth, or any political subdivision thereof, nor by his own act or permission become a candidate for nomination or election to any public office during the time of his employment by the board."

State employes are further disassociated from political activity by the Act of April 6, 1939, P. L. 16, better known as the Anti-Macing Law, which prohibits political macing of State employes, including persons receiving public assistance from the Commonwealth or the United States directly or through employment on public works. This law reinstated the provisions prohibiting political macing, repealed by the Pennsylvania Election Code of June 3, 1937, P. L. 1333, with additional provisions to prevent political macing of recipients of public assistance and those obtaining contracts from the Commonwealth or any political subdivision. The penalties for violation of the provisions of this act are severe, namely, imprisonment for a term not exceeding one year, or a fine of $1,000, or both, in the discretion of the court.

In view of the foregoing, we are of the opinion, and you are therefore advised:

1. The recently-enacted act of Congress, approved August 2, 1939, commonly known as the "Hatch Law", does not affect the Pennsylvania State Employment Service employes who are at present holding, in addition to their employment offices, positions elected or appointed, such as secretary to a borough council.

2. The State Employment Service employes as such are not affected by the provisions of the Hatch Law. Particularly, they are not affected by section 9A(1) which prohibits employes of Federal agencies whose compensation, or any part thereof, is paid from Federal funds from holding membership in a political party or organization which advocates the overthrow of our constitu-

tional form of government in the United States. However, in Federal elections the Hatch Law affects State employes as it affects "any person" generally. It should be noted that the Pennsylvania State Employment Service is a State agency and as such its employes are subject to our State laws prohibiting political activity.